837 F.2d 475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mieczyslaw CZEMARMACZOWICZ, Plaintiff-Appellant,
v.
COWLES TOOL COMPANY, Defendant-Appellee.
 No. 86-4130.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1988.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges; and HARVEY, Senior District Judge*
 PER CURIAM.
 
 
 1
 Plaintiff Czemarmaczowicz appeals from the district court's grant of summary judgment to defendant, Cowles Tool Company, and dismissal of a part of his claim for lack of jurisdiction. Plaintiff alleged age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623 et seq. (1985). The district court determined that all charged acts of discrimination, save one, required dismissal because they were not raised before the appropriate administrative agency. The one claim remaining, allegedly occurring on April 4, 1985, was the basis for summary judgment because plaintiff had failed to file an adequate response to defendant's motion for summary judgment.
 
 
 2
 Plaintiff was hired by Cowles in 1974 as a lathe operator. Due to a work shortage during the recession affecting defendant's business, plaintiff was laid off in December of 1982, when plaintiff was then 58 years of age. Defendant's affidavits in support of its motion to dismiss and for summary judgment state that plaintiff's position has not been filled after his layoff.
 
 
 3
 Under its collective bargaining agreement, Cowles was required to fill all vacant positions with a laid off worker, if he were qualified to do the work in the formerly vacant spot. If the position remained unfilled because of lack of a qualified employee or former employee, notice of the opening is posted at the plant for two days and, if not bid, the Company could then hire a new employee to fill the position under the collective bargaining agreement. Between April 12, 1983 and April 4, 1985 Cowles filled seven job openings in this manner.
 
 
 4
 Plaintiff filed an age discrimination charge with the Ohio Civil Rights Commission on July 31, 1985, charging that he was denied recall in favor of younger employees on April 4, 1985, but he also stated that he had made at least one other request for "a position" on some earlier, unspecified date. The record does not disclose that agency's disposition of this complaint.
 
 
 5
 This age discrimination action was filed in district court on December 16, 1985. Cowles filed a motion to dismiss and/or for summary judgment in April of 1986. Plaintiff requested and received permission for an extension of time to file a response, and the response was filed July 28, 1986. The district court found that it had jurisdiction only to hear and consider the claim of age discrimination occurring on April 4, 1985 because that was, in its opinion, the only instance of discrimination complained of to the Ohio Civil Rights Commission. The district judge then dismissed all claims except the one arising on April 4. This claim was rejected on other grounds, specifically that the plaintiff did not dispute defendant's affidavit which stated that plaintiff had never requested any vacant position following his lay-off, citing Celotex corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 6
 The district court found it could not entertain any complaint concerning 6 out of the 7 jobs filled by Cowels during the two-year period because plaintiff had not made these claims administratively to the EEOC nor OCRC. In Tipler v. E.I. duPont de Nemours and Co., 443 F.2d 125 131 (6th Cir.1971), we held that jurisdiction over a civil rights complaint is limited only to the scope of EEOC investigation "reasonably expected to grow out of the charge of discrimination." Accord Gibbs v. Pierce County Law Enforcement Support Agency, 785 F.2d 1396, 1400 (9th Cir.1986).
 
 
 7
 In the complaint filed with OCRC, plaintiff claimed only that he was discriminated against on April 4, 1985. He went on to state that he did not refuse all jobs offered to him; that he asked to be trained for a job but was refused; and that he was told several times he would be rehired. These allegations would seem to provide enough basis for an investigation beyond the one instance specifically charged. Accordingly, we find no reasonable basis for the district court's dismissal of the complaint for lack of jurisdiction.
 
 
 8
 All of plaintiff's claims were ripe, however, for summary judgment. The district court found, with regard to the last job vacancy, that there was no material dispute on the proposition established by Cowles' affidavit that Czemarmaczowicz never asked to be considered for the job filled April 4, 1985. The court specifically relied on the affidavit of Mr. Kovac, the Cowles' plant superintendent, which stated that appellant was neither qualified for, nor applied for, the job filled April 4. The district court granted Cowles' motion because of plaintiff's failure to come forward with any factual evidence to dispute Kovacs' assertion. The same deposition relied on by the district court to find in favor of Cowles in the April 4 claim also stated that appellant was not qualified for any of the jobs filled during the period at issue, nor did he apply for any. None of these allegations were countered by affidavits of the appellant.
 
 
 9
 It is appropriate to grant summary judgment where the party opposing it has failed to go beyond his pleadings and produce documents, affidavits or other factual evidence. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). This is true only if and when the nonmoving party has had a reasonable opportunity to conduct discovery or to make a response. Fed.R.Civ.P. 56(f); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Plaintiff claims that he has not had time to conduct discovery, but the record shows clearly that he did not even use the time given. This complaint was filed December 16, 1986. Cowles' motion for summary judgment was filed April 25, 1986. Plaintiff did not file a response until September 28, 1986. There is no clear evidence that any discovery took place during that period of time.[1] In McTighe v. Mechanics Educ. Soc. of America, 772 F.2d 210, 213 (6th Cir.1985), we dismissed as "without merit" plaintiff's claim that he was prejudiced by summary judgment when he had conducted no discovery for two out of the five months alotted. In King v. National Industries, Inc., 512 F.2d 29, 34 (6th Cir.1975), a plaintiff was also found not prejudiced where no discovery was conducted during the four month hiatus between the motion and plaintiff's response. Here, no discovery was conducted during an eight-month period between the complaint and appellant's response to the motion at issue. This includes a three-month time period between Cowles' motion and plaintiff's response. In light of King and McGighe, we find that summary judgment was appropriate.
 
 
 10
 We therefore AFFIRM the judgment entered for defendant.
 
 
 
 *
 THE HONORABLE JAMES HARVEY, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In the index to the Joint Appendix there is a listing entitled "Answers of Defendant to Interrogatories." Such answers do not, however, appear in the joint appendix. We assume that no discovery was conducted